**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEANNE NKOL-NGO BAYA, | No. 08-73319 |
| Petitioner, | Agency No. A071-953-232 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 15, 2013[**]
Withdrawn From Submission
Resubmitted July 10, 2013
San Francisco, California

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Jeanne Nkol-Ngo Baya petitions for review of the Board of Immigration

Appeals's ("BIA") 2008 decision affirming the order of the Immigration Judge

("IJ") denying her applications for asylum and withholding of deportation. The

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

BIA originally affirmed the denial of the applications in 2001. Baya later unsuccessfully tried to adjust her status by filing motions to reopen, which the BIA denied as untimely.

When in 2007 she petitioned for our court's review of the BIA's decision denying her third motion to reopen, the government requested a remand for the BIA to consider whether the time limitation on her motion to reopen should have been equitably tolled because of the ineffective assistance of her previous counsel. The BIA in effect granted her relief from the ineffectiveness by reissuing its 2001 decision in 2008. Baya was therefore no longer time barred from filing a new motion to reopen. She did not seek reopening of the reissued decision, however, but petitioned for our review of the decision reissued in 2008 denying her applications for relief.

We withdrew submission in order for the parties to explore in mediation proceedings her possible eligibility for adjustment of status. Mediation was not successful, so the case is before us for resolution of the merits of the petition for review of the 2001 decision as reissued in 2008.

The BIA made an adverse credibility determination that is supported by substantial evidence of inconsistencies in her testimony before the IJ. Baya testified inconsistently about whether she had been arrested and jailed by the

government. Such inconsistent testimony supports the denial of her claims for asylum and withholding of deportation, because the testimony goes to the heart of her claims for relief. *See Singh v. Gonzales*, 439 F.3d 1100, 1105 (9th Cir. 2006).

Baya also attempts to challenge the BIA's 2007 denial of her third motion to reopen, but the ineffectiveness claims she raised in that motion were remedied by the BIA's 2008 reissuance of the 2001 decision. She no longer suffers any adverse effects from the earlier untimely motions. *See Hemp Indus. Ass'n v. Drug Enforcement Admin.*, 333 F.3d 1082, 1085 n.3 (9th Cir. 2003) (mootness occurs when interim events eradicate the effect of an alleged violation).

Petition for review **DENIED**.